AMENDED

## United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.   CR 07-1194 PA |
| **Defendant**   Duane Reed Moore, Jr. | Social Security No.  1  8  7  8 |
| akas: Castillo, Andres Verdezoto; Cortez, M E; Cortez C., M E; Cortez-Castillo, Manuel; Cortez-Castillo, Manuel Ernesto; Manny; Verdesoto, Andres | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 25 | 08 |

**COUNSEL**   [X] WITH COUNSEL   Myra J. Sun, DFPD
(Name of Counsel)

**PLEA**   [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a finding/verdict of  [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
Felon in Possession of Firearm in violation of 18 U.S.C. § 922(g)(1), as charged in Count One of the underlying Indictment;
Simple Possession of Cocaine in violation of 21 U.S.C. §§ 844, as charged in Count One of the Redacted Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant  is hereby committed to the custody of the Bureau of Prisons for a term of 77 months.  This term consists of 77 months on Count One of the underlying Indictment, and 12 months on Count One of the Redacted Indictment, all such terms to be served concurrently

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years.  This term consists of three years on Count One of the underlying Indictment, and one year on Count One of the Redacted Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes drug testing, as directed by the Probation Officer.  The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense

   counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

USA vs. Duane Reed Moore, Jr.     Docket No.: CR 07-1194-PA

Case 2:07-cr-01194-PA   Document 100   Filed 09/16/08   Page 2 of 4   Page ID #:622

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency and mental health to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6. The defendant shall participate in mental health treatment, including treatment for domestic violence, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

7. During the period of community supervision the defendant shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment;

8. When not employed at least part-time (20 hours per week minimum) or attending an educational or vocational program, the defendant shall perform 20 hours of community service per week as directed by the Probation Officer. This requirement will commence within 30 days of placement on supervision;

9. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name; and

10. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court authorizes the Probation Office to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide any information (excluding the Presentence Report), to State or local social service agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation.

It is ordered that the defendant shall pay to the United States a special assessment of $150, which is due immediately.

It is ordered that the defendant shall pay to the United States a total fine of $1,000, consisting of a fine of $1,000 on Count 1 of the Redacted Indictment.

The fine shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the fine remains unpaid after release from custody, monthly installments of $200, shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the fine is waived, as it is found that the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

Defendant is advised of his right to appeal.

USA vs. Duane Reed Moore, Jr.    Docket No.:  CR 07-1194 PA

Case 2:07-cr-01194-PA   Document 100   Filed 09/16/08   Page 3 of 4   Page ID #:623

Defendant is remanded to the custody of U.S. Marshal to await designation by the Bureau of Prisons.

The Court recommends the defendant to participate in a 500-hour drug treatment program, if eligible.

The Court further recommends the defendant to be housed at Terminal Island or Lom Poc or another facility located in Southern California.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| September 16, 2008 | | |
|---|---|---|
| Date | | PERCY ANDERSON |
| | | U. S. DISTRICT JUDGE |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

| September 16, 2008 | By | Karen Park |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

| | |
|---|---|
| Mandate issued on | |
| Defendant's appeal determined on | |
| Defendant delivered on | to |
| at | |

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Deputy Marshal

_____
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Deputy Clerk

_____
Filed Date

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
Defendant                                  Date

_____                    _____
U. S. Probation Officer/Designated Witness  Date